# United States Bankruptcy Court
## for the District of Oregon

Frank R. Alley, III, Judge
Barbara D. Ivey, Judicial Assistant
Lee D. Brice, Law Clerk



405 East Eighth Ave., Suite 2600
Eugene, Oregon 97401
(541) 431-4055
FAX: (541) 431-4048

July 26, 2007

Ms. Deana Bower
1519 Fetters Lp.
Eugene, OR 97402

Mr. Thomas Orr
Attorney at Law
777 High St., Suite 200
Eugene, OR 97401

RE: In re Bower, 07-60126-fra7

Dear Ms. Bower and Mr. Orr:

     At the discharge hearing held on July 11, I did not approve the reaffirmation agreement between the Debtor and Oregon Community Credit Union, finding that the Debtor was not in default on her loan with the creditor and, under the present circumstances, it was not in Debtor's best interest to reaffirm. The purpose of this letter is to provide my findings of fact and conclusions of law regarding my July 11 ruling.

### BACKGROUND

     The Debtor owns a 1998 Toyota 4-Runner which was financed with a secured loan from Oregon Community Credit Union ("Credit Union"). The parties agree that the market value of the collateral, based on the Kelly Blue Book, is $13,000, while the Credit Union concedes that a forced sale in the event of repossession typically would result in far less. The reaffirmation agreement indicates that the present value of the loan to be reaffirmed is $12,712 and the monthly payment is $224.74.

     Debtor filed bankruptcy under chapter 7 on January 18, 2007 and filed missing schedules on February 1 [doc. #12]. Included in schedules filed February 1 was the "Individual Debtor's Statement of Intention(s) per 11 U.S.C. § 521(a)." Listed was the debt to the Credit Union secured by the 4-Runner. The Debtor did not, however, indicate on the form whether she intended to surrender or redeem the collateral, or reaffirm the debt. Debtor thereafter filed on April 12 an agreement she had entered into on April 1 with the Credit Union by which she agreed to reaffirm the debt on the original terms of the contract.

A hearing was held on July 13 at which both the Debtor and the Credit Union's attorney attended. Debtor indicated that she was not in default on the contract, which the Credit Union's representative did not contest. She testified that at the meeting of creditors a representative of the Credit Union had told her she had no choice but to reaffirm if she wished to keep the vehicle. The Credit Union's attorney argued that provisions added to the Bankruptcy Code by BAPCPA[1] eliminated the option a debtor formerly had to opt for a "pass through" by simply keeping the payments current.

## DISCUSSION

Prior to BAPCPA, Chapter 7 debtors who were current on secured debts had a fourth option to surrender, redemption, or reaffirmation. They could maintain possession of the collateral by staying current on payments and "pass through" bankruptcy while still enjoying the benefit of the discharge of unsecured liability. McClellan Fed. Credit Union v. Parker (In re Parker), 139 F.3d 668, 673 (9th Cir. 1998).

A. Changes Made by BAPCPA

> a) Section 521(a)(6) provides:
> The debtor shall in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property, as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either --
>
>    (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
>
>    (B) redeems such property from the security interest pursuant to section 722.
>
> If a debtor fails to so act within the 45-day period referred to in paragraph (6), the stay under section 362(a) is terminated with respect to the personal property of the estate or of the debtor which is affected, such property shall no longer be property of the estate, and the creditor may take whatever action as to such property as is permitted by applicable nonbankruptcy law . . . .
>
> b) Section 362(h) was amended to read:
>
> (1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim . . . and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by

---

1. Bankruptcy Abuse Prevention and Consume Protection Act of 2005, generally effective for bankruptcy petitions filed on or after October 17, 2005.

section 521(a)(2) —

(A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property [i.e. reaffirm the debt], or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and

(B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.

\* \* \*

c) Finally, § 521(d) provides:

If the debtor fails timely to take the action specified in subsection (a)(6) of this section or in paragraphs (1) and (2) of section 362(h), with respect to property . . . as to which a creditor holds a security interest not otherwise avoidable . . ., nothing in this title shall prevent or limit the operation of a provision in the underlying lease or agreement that has the effect of placing the debtor in default under such lease or agreement by reason of the occurrence, pendency, or existence of a proceeding under this title or the insolvency of the debtor. Nothing in this subsection shall be deemed to justify limiting such a provision in any other circumstance.

To summarize the changes made by BAPCPA, as applicable to the present situation: (1) A debtor must timely file a Statement of Intention and must indicate on that form whether the debtor will surrender the collateral or, if the intent is to maintain possession, to redeem the collateral or enter into a reaffirmation agreement;[2] (2) if the intent is to redeem the collateral or enter into a reaffirmation agreement, the required action must occur within 45 days of the meeting of creditors under Code § 341(a). Failure to take the required actions causes the following to occur: (1) the automatic stay is terminated, (2) the property is no longer property of the estate, and (3) the creditor may take whatever actions respecting the property as are allowed under nonbankruptcy law, including the use of a contractual provision providing for default upon

---

2. In the present case, the Debtor filed her Statement of Intention within 30 days of the petition date and entered into a reaffirmation agreement with the Credit Union within 45 days of the date of the meeting of creditors, making both timely. Although the Statement of Intention did not indicate the Debtor's intention with respect to the collateral, the defect was cured by Debtor's timely execution of the agreement to reaffirm.

the filing of bankruptcy, commonly known as an ipso facto clause.[3]

B. Status of the Reaffirmation Agreement

      Section 524(c)(6) requires that the court approve a reaffirmation agreement filed by a debtor who is not represented by an attorney. In order to approve the agreement, the court must find that it would not impose an undue hardship on the debtor or a dependent of the debtor, and that it is in the debtor's best interest. The reaffirmation agreement indicated that Debtor had a net monthly income from schedules I and J of - $2,588, including car payments, but that she now has a job paying $1,600 per month and her boyfriend now works and also earns $1,600 per month. Between the two of them, she feels they can afford the car payments.

      At the July 13 hearing, I expressed my view that the debtor had performed all the actions required by § 521(a)(6), and that the remedies contained in that section for failure to reaffirm are therefore not applicable. Section 521(a)(6) requires that a debtor timely enter into a reaffirmation agreement to avoid the penalties in that section, not that it be approved by the court. The Debtor has done that which was required of her. I find that it would not be in the Debtor's best interest to reaffirm the debt, and reinstate the prospect of a deficiency judgment in the event of a repossession, when Debtor could retain the vehicle merely by staying current on the payments, especially given the tenuous circumstances of her current income. See In re Moustafi, 2007 WL 1592965 (Bankr. D. Arizona 6/4/2007); In re Stevens, 2007 WL 1020749 (Bankr. E.D.Va. 3/9/2007).

## CONCLUSION

      The reaffirmation agreement is not in Debtor's best interest for the reasons given and will not be approved. Because she does not fall within the provisions of § § 521(a)(6) or 521(d), Debtor may retain the vehicle as long as she stays current on payments and maintains insurance on the vehicle. An order was entered on July 16 [docket # 33] denying approval of the reaffirmation agreement.

                              Very truly yours,

                              FRANK R. ALLEY
                              Bankruptcy Judge

---

3. The record is silent in this case as to the presence of an ipso facto clause in the contract between the Credit Union and the Debtor.